IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BESSIE MOORE**                                                                                    **PLAINTIFF**

**V.**                                                                    **CAUSE NO. 3:21-CV-531-CWR-FKB**

**JACKSON PUBLIC SCHOOL DISTRCT;**                                      **DEFENDANTS**
**JACKSON PUBLIC SCHOOL BOARD**
**OF TRUSTEES; AND DR. ERRICK L.**
**GREENE, SUPERINTENDENT**

**ORDER**

Before the Court is Dr. Errick L. Greene (Dr. Greene) and Jackson Public School Board of

Trustees (the Board)'s motion to dismiss. The matter is fully briefed and ready for adjudication.

For the purposes of this Order, a brief recitation of the relevant facts will suffice.

Plaintiff Bessie Moore has been an employee of Jackson Public School District (JPSD) for

almost 20 years, serving the majority of that time as a certified library and media specialist. In

August 2018, Moore began working as the librarian in Peeples Middle School. Moore alleges that

a few months after she began working at Peeples, the principal began harassing her. This behavior,

Moore contends, included requiring her to mentor a new Spanish teacher; denying Moore the

opportunity to consult with her physician regarding orthopedic treatment, and instead requiring

her to take physical therapy appointments after work; verbal abuse; and written reprimands.

Docket No. 1 at 7.

Moore filed an internal grievance against the principal in May 2020. In response, the

principal's immediate supervisor conducted an internal investigation, which Ms. Moore later

appealed to the superintendent, Dr. Greene. According to Moore, JPSD closed the investigation

"without substantiating Plaintiff's allegations of harassment and bullying," and in the process,

"failed to conduct thorough and unbiased internal investigations with regard to Plaintiff's complaints" and "failed to provide remedies responsive to the complaints." *Id.*

On Wednesday, August 5, 2020, Moore attempted to report to work in the library. When she tried to obtain the keys to her office and locked storage spaces, however, the office manager purportedly told Moore that she was unable to provide Moore with the keys and directed Moore to contact the principal. Moore submits that when she contacted the principal, he instructed Moore to leave the building immediately.

Moore met with the principal on August 10, 2020. The principal informed Moore that she had been reassigned as a Certified Interventionist, rather than a librarian. Additionally, the principal informed her that the school was placing her on a 90-day improvement plan. This meeting also allegedly resulted in a verbal altercation between Moore and the principal. The next day, August 11, 2020, Moore learned that the school had approved her request to work remotely.

From August 2020 through December 2020, Moore alleges that the principal continued to closely surveil and scrutinize her work, resulting in a pattern of harassment and retaliation. This behavior culminated in her termination effective December 15, 2020. Moore contends that her termination manifested JPSD's desire to retaliate against her due to prior Equal Employment Opportunity Commission (EEOC) charges, internal complaints, and state and federal lawsuits she filed against JPSD in the past. She also contends that her termination reflects gender and age discrimination by JPSD.

On October 20, 2020, Moore filed a charge of discrimination with the EEOC concerning these events. The EEOC issued a Notice of Right to Sue letter, which Moore received on August 12, 2021.

Moore filed this lawsuit on August 17, 2021. In her complaint, Moore asserted claims of gender and age discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and 42 U.S.C. § 1983. She listed JPSD, Dr. Greene "in his official capacity as superintendent," and the Board as defendants. *Id.* at 11.

JPSD and Dr. Greene responded by filing the present motion to dismiss. *See* Docket No. 10. In it, defendants argue that Moore's Title VII and § 1983 official capacity claims against Dr. Greene are barred by applicable law. *Id.* at 1. Defendants also contend that Moore's ADEA claims against Dr. Greene in his official capacity and the Board are redundant. *Id.* Finally, defendants argue that "[a]ll claims against the Board of Trustees are barred by law as the Board does not constitute an independent jural entity which may sue or be sued." *Id.*

Federal Rule of Civil Procedure Rule 12(b)(6) provides that a defendant may assert a defense on the basis of plaintiff's "failure to state a claim upon which relief can be granted."

Controlling precedent provides that "a party may not maintain a suit against both an employer and its agent under Title VII." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Indeed, the Fifth Circuit has held that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. National Communications, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). Similarly, the ADEA does not provide for the individual liability of supervisory employees. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Thus, courts faced with claims against both a government employer and an employee in his official capacity typically dismiss the claims against the individual defendant to avoid redundancy. *See Burroughs v. City of Laurel, Mississippi*, Cause No. 2:19-CV-48-KS-MTP, 2019 WL 4228438, at *5 (S.D. Miss. Sept. 5, 2019).

3

Applying these standards to the present motion, the Court will grant defendants' motion to dismiss Dr. Greene. Moore cannot hold Dr. Greene liable in his official capacity under Title VII. *See Ackel*, 399 F.3d at 381 n.1. And allowing Moore to proceed in her suit against both JPSD and Greene is redundant. *See Shaffer v. Mississippi Highway Safety Patrol*, No. 4:11-CV-111-CWR-LRA, 2012 WL 2846884, at *1 (S.D. Miss. Mar. 6, 2012); *Burroughs*, 2019 WL 4228438, at *5. Thus, dismissal of Dr. Greene is warranted.

That leaves the Board. "The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). Moreover, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id*.

Here, the true political entity capable of being sued is the Jackson Public School District. Suing the District's Board of Trustees is redundant. As such, the Court will grant the motion to dismiss the Board from this lawsuit.

Accordingly, the motion to dismiss is granted.

**SO ORDERED**, this the 16th day of November, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE